IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff<br>v.<br><br>KEVIN DREW<br>Defendant | )<br>)<br>)<br>)<br>)<br>)<br>) | Case No.: 1:03CR00017-01S |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S**
**MOTION TO AMEND CONDITIONS OF SUPERVISION**

Plaintiff United States of America (hereinafter the "Government") objects to Defendant's Motion and respectfully requests that the Court deny the Motion. Defendant has not produced evidence sufficient to warrant a fine decrease, and Defendant's failure to comply with the terms of his supervised release makes it impossible for the Government to assess his ability to meet his payment obligations.

**Background**

On July 18, 2003, the Court sentenced Defendant to thirty-five months of imprisonment with three years of supervised release for distribution of cocaine in violation of 21 U.S.C. §841(a)(1). *See* Ex. A (Judgment and Commitment Order) at 2-3. The Court also imposed a $100 special assessment and $3,600 fine and ordered Defendant to pay $100 immediately and $100 per month for 36 months following release from incarceration. *See id.* at 5-6. On October 25, 2005, Defendant was released from custody and soon after executed a payment plan to pay $100 per month toward satisfaction of the assessment and fine. *See* Ex. B (Payment Plan). To date Defendant has paid a total of $410; $3,290 remains outstanding. *See* Ex. C (Compressed History Report).

As set forth in the Request for Modifying the Conditions of Supervision with Consent of the Offender, Defendant failed to submit monthly supervision reports to the United States

Probation Office, "failed to make payments at a rate of $100 per month despite an ability to do so," and "tested positive for marijuana on January 21, 2006." *See* Ex. D (Request) at 1. Defendant also terminated his employment without notifying his probation officer. *See id.* On April 21, 2006, as a result of Defendant's failure to comply with the terms of his supervised release, he was ordered to serve a 90 day term of home confinement. *See id.*

In October 2007, Defendant, who had failed to make payments, was served with a formal notice of reprimand and agreed to make payments of at least $247.16 per month. Defendant has not made any of these payments. *See* Ex. E (Memorandum from United States Probation Office) at 1. On November 2, 2007, Defendant's terms of supervision were modified. *See id.* His term of supervision was extended by two years and his monthly payments were again returned to $100. *See id.* Defendant asserted that $100 monthly payments would not cause financial hardship, and that in November he had earned $1,600. *See id.*

However, following this most recent modification, Defendant again failed to make payments. *See id.* Although Defendant remained employed full-time, he has failed to provide copies of his pay stubs. The United States Probation Office has repeatedly asked Defendant to provide pay stubs and to make his monthly payments, but Defendant has not complied. *See id.*

## Argument

### I. The Defendant cannot petition the Court to remit the fine.

Defendant's Motion is presented as a Motion to Amend Conditions of Supervision pursuant to Rule 32.1(c) of the Federal Rules of Criminal Procedure. However, the only condition that Defendant seeks to amend is the condition that he pay $100 per month to pay his fine; Defendant's motion is a motion to remit the fine. Consequently, Defendant's motion is improper.

Section 3573 of Title 18 of the United States Code "provides the mechanism for modifying or remitting a fine imposed as part of a criminal sentence." *Manjarres v. U.S.*, 2008 WL 842415, *2 (D. R.I. 2008) (the Honorable Mary M. Lisi); *accord United States v. Linker*, 920 F.2d 1, 2 (7th Cir.1990); *United States v. Gonzalez*, 248 F.3d 1128 (1st Cir.2000) (District Court lacked jurisdiction to act on defendant's post-conviction request to remit fine); *United States v.. Schilling*, 808 F.Supp. 1214, 1219 (E.D.Pa.1992) (despite probation office's recommendation that $25,000 fine be remitted to $2,500, "under current § 3573 defendants do not have the right to petition the courts to remit their criminal fines"); *United States v. Heimbach*, 808 F.Supp. 413 (E.D.Pa.1992) (same). Only the Government may petition to remit or reduce a fine imposed as part of a criminal sentence. *See id.* Defendant may not maintain this motion.

Even if Defendant could maintain his motion, he would bear the burden of proof. *See Manjarres*, 306 F.3d at 1181 (citing *United States v. Rowe*, 268 F.3d 34, 38 (1st Cir. 2001)). Defendant has not provided any evidence to demonstrate his present and future inability to pay. Moreover, Defendant's failure to comply with the terms of his supervised release make it impossible for the Government to assess his ability to pay. To the extent that any reduction in Defendant's criminal fine is warranted, the present motion is premature. Only after the Government has had the opportunity to verify Defendant's pay (via his compliance with the terms of his supervised release) will consideration of remission be appropriate.

## Conclusion

For the foregoing reasons, the Government respectfully requests that Defendant's Motion be denied.

Respectfully submitted,

UNITED STATES OF AMERICA,
Defendant
ROBERT CLARK CORRENTE
United States Attorney
/s/ Milind M. Shah
MILIND M. SHAH
Assistant United States Attorney
United States Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5000; 401-709-5017 (fax)
Email: milind.m.shah@usdoj.gov

CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on the 24th day of June 2008, I electronically filed the within Government's Response to Defendant's Motion to Amend conditions of Supervision with the Clerk of the United States District Court for the District of Rhode Island, using the CM/ECF System.:

The Response was forwarded to following participant via first class mail:

Mary S. McElroy, Esq.
Assistant Federal Defender
10 Weybosset Street, Ste. 300
Providence, RI 02903
Mary_McElroy@fd.org

/s/ Milind M. Shah
MILIND M. SHAH
Assistant United States Attorney

AO 245B (Rev. 9/00) Judgment in a Criminal Case - Sheet 1

# United States District Court
## District of Rhode Island

UNITED STATES OF AMERICA
v.
**KEVIN DREW**

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

Case Number: **1:03CR00017-01S**

**Olin W. Thompson, Esq.**
Defendant's Attorney

## THE DEFENDANT:

[✔] pleaded guilty to count(s): 1 of the Information .
[ ] pleaded nolo contendere to count(s) ___ which was accepted by the court.
[ ] was found guilty on count(s) ___ after a plea of not guilty.

Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21 U.S.C. § 841(a)(1) | Distribution of cocaine | 03/07/03 | 1 |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ] The defendant has been found not guilty on count(s) ___ and is discharged as to such count(s).

[ ] Count(s) dismissed on motion of the United States: ___.

IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

Defendant's Soc. Sec. No.: [redacted]-1432

Defendant's Date of Birth: [redacted]-81

Defendant's USM No.: 05278-070

Defendant's Residence Address:
[redacted]

Defendant's Mailing Address:
[redacted]

July 18, 2003
Date of Imposition of Judgment

Signature of Judicial Officer

WILLIAM E. SMITH
United States District Judge
Name & Title of Judicial Officer

7/22/03
Date

27

EXHIBIT A

CASE NUMBER: 1:03CR00017-01S
DEFENDANT: KEVIN DREW



# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 35 months .

[✔] The court makes the following recommendation to the Bureau of Prisons:

**To have Defendant incarcerated in a facility that provides substance abuse treatment.**

[✔] The defendant is remanded to the custody of the United States Marshal.

[ ] The defendant shall surrender to the United States Marshal for this district.
[ ] at ___ on ___.
[ ] as notified by the United States Marshal.

[ ] The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
[ ] before _ on ___.
[ ] as notified by the United States Marshal.
[ ] as notified by the Probation or Pretrial Services Officer.

# RETURN

I have executed this judgment as follows:

______________________________
______________________________
______________________________

Defendant delivered on ______________ to ______________

at ______________, with a certified copy of this judgment.

______________________________
UNITED STATES MARSHAL

By ______________________________
Deputy United States Marshal

EXHIBIT A

CASE NUMBER: 1:03CR00017-01S

DEFENDANT: KEVIN DREW



## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 3 years .

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13,1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter.

[ ] The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.

[✔] The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow instructions of the probation officer;
4) the defendant shall support his or her dependants and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

CASE NUMBER: 1:03CR00017-01S
DEFENDANT: KEVIN DREW



# SPECIAL CONDITIONS OF SUPERVISION

**In addition, the defendant shall comply with the following special conditions:**

1. **The defendant shall participate in and satisfactorily complete a program approved by the United States Probation Office for treatment of narcotic addiction or drug or alcohol dependency which will include testing for the detection of substance use or abuse. The defendant shall also abstain from the use of alcoholic beverages and/or all other intoxicants during and after the course of treatment.**

2. **The defendant shall pay $100 monthly towards the cost of supervised release.**

EXHIBIT A

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | **$100.00** | **$3,600.00** | **$0.00** |

[ ] The determination of restitution is deferred until . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

[ ] The defendant shall make restitution (including community restitution) to the following payees in the amount listed.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid in full prior to the United States receiving payment.

| Name of Payee | *Total Amount of Loss | Amount of Restitution Ordered | Priority Order or % of Payment |
|---|---|---|---|
| TOTALS: | | | |

[ ] If applicable, restitution amount ordered pursuant to plea agreement. $_________

[ ] The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. §3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).

[ ] The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

[ ] the interest requirement is waived for the [ ] fine and/or [ ] restitution.

[ ] the interest requirement for the [ ] fine and/or [ ] restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

EXHIBIT A

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

**A** [✔] Lump sum payment of $100.00 due immediately, balance due

[ ] not later than _, or
[ ] in accordance with [] **C**, [] **D**, or [] **E** below; or

**B** [ ] Payment to begin immediately (may be combined with [] **C**, [] **D**, or [] **E** below); or

**C** [ ] Payment in _ installments of $_ over a period of _, to commence _ after the date of this judgment; or

**D** [✔] Payment in 36 installments of $100.00 over a period of 36 months, to commence after release from imprisonment to a term of supervision; or

**E** [ ] Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are to be made the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States Attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[ ] Joint and Several

Defendant Name, Case Number, and Joint and Several Amount:

[ ] The defendant shall pay the cost of prosecution.

[ ] The defendant shall pay the following court cost(s):

[ ] The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3 )restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.

EXHIBIT A

## PAYMENT PLAN FOR FINES, RESTITUTION AND SPECIAL ASSESSMENTS

**United States Probation Office, District of Rhode Island**

Name: Kevin Drew  Docket No.: 1:03CR00017-01S

Assessment: $ 100.00  Restitution: $ 0  Fine: $ 3,7000

Special Instructions:

All payments are due by the 5th day of each month until the obligations are satisfied in full. Checks or money orders are acceptable and shall be made payable to Clerk, U.S. District Court. Legibly write your name and docket number on each payment and send it to:

**Clerk, U.S. District Court**
**One Exchange Terrace**
**Providence, RI 02903-2612**

I acknowledge receiving a letter from the Chief Probation Officer which explains in detail the role of his office in setting and enforcing a payment plan. I understand I may discuss any aspect of this letter with my officer and/or supervisor if clarification of any aspect of it is necessary.

I hereby agree to make monthly payments of at least **$100** toward satisfaction of the financial obligations listed above. I will attach a copy of each check or money order to my supervision report for the month.

If unable to make a payment based on serious unforeseen circumstances, I shall immediately contact my officer to schedule a meeting. The officer and supervisor, after conducting an investigation, will determine what amount, if any, of the payment can be waived that month.

Failure to comply with this payment plan invokes the additional involvement of the U.S. Attorney's Office which may include mandatory garnishments, subpoenas, hearings, or other civil or criminal collection procedures or tools.

I understand the probation officer and supervisor will periodically re-evaluate the payment amount as my financial picture evolves and a revised agreement will be prepared.

Ultimately, if it is determined you are not making payments to the best of your ability, are expending monies on items deemed not to be necessary instead of paying your obligation, or provide untruthful or incomplete information to your probation officer, you may be brought before the court for a violation. This can result in revocation of supervision with no credit for time served and a jail sentence imposed within or above the range determined by the sentencing guidelines.

Offender: Kevin Drew  Date: 10-28-05

USPO: David S. Barrell  Date: 10-28-05

Supervisor: Kit E. O'Neill  Date: 10-28-05

RECEIVED
NOV - 2 2005
U.S. ATTORNEY
DISTRICT OF R.I.

EXHIBIT B

cc: U.S. Attorney's Office, Financial Litigation Unit

# UNITED STATES DEPARTMENT OF JUSTICE
# CONSOLIDATED DEBT COLLECTION SYSTEM
## COMPRESSED HISTORY REPORT

REPORT DATE: 06/12/2008

5. FINANCE HISTORY

| FIN SEQ | REL SEQ | CODE | POSTING DATE | RCVD/ACCRUAL/ EFFECTIVE DATE | AMOUNT | INT RATE | ACCRUED INTEREST | RESTITUTION/ ASSESSMNT/FINE | INTEREST | PENALTIES/ COSTS | OVERPAYMENT | TOTAL BALANCE |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 0002 | | IMPO | 08/04/2003 | | $3,700.00 | | $0.00 | $3,700.00 | $0.00 | $0.00 | $0.00 | $3,700.00 |
| 0003 | | PMNT | 05/21/2004 | 04/13/2004 | $40.00 | | $0.00 | $3,660.00 | $0.00 | $0.00 | $0.00 | $3,660.00 |
| 0004 | | PMNT | 08/24/2004 | 07/13/2004 | $40.00 | | $0.00 | $3,620.00 | $0.00 | $0.00 | $0.00 | $3,620.00 |
| 0005 | | PMNT | 10/26/2004 | 10/13/2004 | $5.00 | | $0.00 | $3,615.00 | $0.00 | $0.00 | $0.00 | $3,615.00 |
| 0006 | | PMNT | 10/26/2004 | 10/13/2004 | $20.00 | | $0.00 | $3,595.00 | $0.00 | $0.00 | $0.00 | $3,595.00 |
| 0007 | | PMNT | 11/23/2004 | 11/09/2004 | $25.00 | | $0.00 | $3,570.00 | $0.00 | $0.00 | $0.00 | $3,570.00 |
| 0008 | | PMNT | 02/24/2006 | 02/22/2006 | $100.00 | | $0.00 | $3,470.00 | $0.00 | $0.00 | $0.00 | $3,470.00 |
| 0009 | | PMNT | 03/08/2006 | 03/06/2006 | $50.00 | | $0.00 | $3,420.00 | $0.00 | $0.00 | $0.00 | $3,420.00 |
| 0010 | | PMNT | 02/28/2007 | 02/26/2007 | $30.00 | | $0.00 | $3,390.00 | $0.00 | $0.00 | $0.00 | $3,390.00 |
| 0011 | | PMNT | 07/10/2007 | 06/25/2007 | $100.00 | | $0.00 | $3,290.00 | $0.00 | $0.00 | $0.00 | $3,290.00 |
| 000012 | | CNBL | 09/09/2007 | | $0.00 | 0 | $0.00 | $3,290.00 | $0.00 | $0.00 | $0.00 | $3,290.00 |



EXHIBIT C

PROB 12B
(12/00)

# United States District Court
**for**
## The District of Rhode Island

**Request for Modifying the Conditions of Supervision**
**with Consent of the Offender**

**Name of Offender:** Kevin Drew **Case Number:** 1:03CR00017-01S

**Name of Sentencing Judicial Officer:** Honorable William E. Smith

**Date of Original Sentence:** July 18, 2003

**Original Offense:** Distribution of Cocaine

**Original Sentence:** Thirty-five months incarceration, three years supervised release with a special condition that he participate in substance abuse treatment as well as pay the cost of supervision at a rate of $100 per month and $100 special assessment.

**Type of Supervision:** Supervised Release **Date Supervision Commenced:** October 25, 2005

---

☐ To extend the term of supervision for ______ years, for a total term of ______ years.

☒ To modify the conditions of supervision as follows:

The defendant shall serve a term of 90 days home confinement with electronic monitoring and the defendant shall be required to pay for the cost of electronic monitoring at a rate of $3.25 per day. The defendant shall be authorized to leave his residence for employment, counseling, the random urinalysis color code program, religious services on Sundays and community service.

The defendant shall complete community service at a rate of five hours per week for ten weeks at a location approved by the United States Probation Department.

**CAUSE**

Mr. Drew failed to submit his November 2005, December 2005 and January 2006, monthly supervision reports to the United States Probation Office until February 8, 2006. He has failed to make payments at a rate of $100 per month despite an ability to do so, and tested positive for marijuana on January 31, 2006. On February 1, 2006, Mr. Drew was served with a Formal Notice of Reprimand for his conduct and corrective action was initiated.

However, since this date, Mr. Drew has failed to report for urine specimens as required on February 17, 2006 and April 13, 2006. He missed counseling on February 13, 2006, without permission, and failed to notify USPO Borrelli he terminated employment on March 6, 2006.

On April 14, 2006, USPO Borrelli spoke to First Assistant United States Attorney Kenneth P. Madden and he advised that he does not pose any objections to the above-mentioned modifications.

EXHIBIT D

Case 1:03-cr-00017-S Document 30-5 Filed 05/12/2008 Page 2 of 3

PROB 12B
(12/00)

On April 19, 2006, Mr. Drew met with USPO Borrelli and executed a PROB form 49 - Waiver of Hearing to Modify of Conditions of Supervised Release. In view of Mr. Drew's continued pattern of noncompliance, it is respectfully recommended that his conditions be modified to include the above-mentioned conditions in lieu of violation proceedings. During the period of home confinement, we will make concerted attempts to bring Mr. Drew back into compliance with all the terms of supervision. If non-compliance continues, we will request a more aggressive sanction.

**Reviewed and Approved by:**

Kurt E. O'Sullivan
Supervising U.S. Probation Officer

Date: 4/19/06

**Respectfully Submitted by:**

David S. Borrelli
U.S. Probation Officer

Date: 4/19/06

## The Court Orders

- ☐ No Action
- ☐ The Extension of Supervision as Noted Above
- ☒ The Modification of Conditions as Noted Above
- ☐ Other

Honorable William E. Smith
U.S. District Judge

4/21/06
Date

EXHIBIT D

Prob 49
(Rev. 3/89)

# United States District Court
# for
# The District of Rhode Island

## Waiver of Hearing to Modify Conditions of Supervised Release

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release or to the proposed extension of my term of supervision:

**The defendant shall serve a term of 90 days home confinement with electronic monitoring and the defendant shall be required to pay for the cost of electronic monitoring at a rate of $3.25 per day. The defendant shall be authorized to leave his residence for employment, counseling, the random urinalysis color code program, religious services on Sundays and community service.**

**The defendant shall complete community service at a rate of five hours per week for ten weeks at a location approved by the United States Probation Department.**

Witness: David S. Barrelli Signed: [signature]

4-19-06
Date

EXHIBIT D

# UNITED STATES PROBATION OFFICE

## MEMORANDUM



TO: Sandra Mascola
Financial Litigation Agent

FROM: David S. Borrelli
United States Probation Officer

DATE: June 4, 2008

SUBJECT: ***DREW, Kevin***
***CR No.: 1:03-0017-S***

---

Pursuant to your request, the following is offered for your review.

On October 24, 2007, Mr. Drew reported to the United States Probation Department, and he discussed with USPO Borrelli his failure to make payments to the Court in accordance with his judgement. As Mr. Drew maintained an outstanding balance of $3,290 to the Court at that time, he was served with a formal notice of reprimand, and he agreed to make payments of at least $274.16 per month. Subsequent to this meeting, Mr. Drew failed to make any payments to the Court by November 1, 2007.

On November 2, 2007, Mr. Drew executed a PROB Form 49 - Waiver of Hearing to Modify Conditions of Supervised Release to extend his term of supervision for two years as he had failed to make payments to the Court in accordance with his judgement during his term of supervision. Based on this modification, Mr. Drew asserted he could make payments of $100 monthly, and this would not create a financial hardship. During November 2007, Mr. Drew earned a total net monthly income of $1,600 according to his monthly supervision report.

On November 13, 2007, Mr. Drew's term of supervision was modified to include an additional two years supervision for a total term of five years supervised release.

Since this date, Mr. Drew has remained employed full-time at the Rhode Island Fraternal Order of Police, Providence, Rhode Island. He has, however, failed to provide copies of his pay stubs with his monthly supervision reports. Further, he has failed to make payments toward his financial obligation as required in his judgement. The United States Probation Department has met with Mr. Drew each month to address this matter in an attempt to correct his conduct. However, efforts to collect his pay stubs or have him make payments to the Court have been unsuccessful. Mr. Drew has been directed to acquire copies of his pay stubs from Rhode Island Fraternal Order of Police administrative office and submit these documents to the United States Probation Department.

Based on Mr. Drew's failure to comply with the United States Probation Department's directives, we are unable to provide any guidance as it pertains to Mr. Drew's current monthly income or his ability to pay towards his financial obligation to the Court.

EXHIBIT E

Should you require any further information, please contact me at (401)752-7331.

Respectfully submitted:

David S. Borrelli
United States Probation Officer

Reviewed and Approved by:

Kurt E. O'Sullivan
Supervising United States Probation Officer



EXHIBIT E